This is an appeal from an order of the orphans court of Atlantic county, dated June 7th, 1930.
The order appealed from provides "that the said petitioner, Rose Richman, be permitted to charge the estate of Samuel M. Braunstein, deceased, with such sums of money as shall be necessary to employ medical experts, to be approved by this court, to assist her in establishing her contention that the said Samuel M. Braunstein, deceased, was without testamentary capacity at the time of the execution of the paper-writing purporting to be his last will and testament, provided, however, that in no event is the estate of Samuel M. Braunstein, deceased, to be liable or charged for any sum exceeding the sum of $10,000." *Page 474 
The petition of appeal is filed by the executors on the broad ground that the order "and every part thereof is erroneous" as is permitted by rule 61 of the prerogative court.
The order appealed from was made pursuant to the authority of section 22 of the Orphans Court act. 4 Comp. Stat. p. 3819.
The record before me shows that there was on file in the orphans court two petitions praying for such an order as was granted — first, the petition of Bertha Hastings Braunstein, filed May 23d 1930, and second, the petition filed by Rose Richman, filed June 7th, 1930.
The court below properly refused to act on the widow's petition because it appeared that she had not "been living with decedent as his wife at the time of his death" as required by section 22 aforesaid.
There are a number of reasons relied upon for reversal of the order that was made on the petition of Rose Richman.
(1) Nowhere under section 22 of the Orphans Court act "is there any language justifying an order in advance for the employment of experts."
The order appealed from does not provide for the payment of moneys "in advance" but does provide that "Rose Richman be permitted to charge the estate of Samuel M. Braunstein, deceased, with such sums of money as shall be necessary to employ medical experts, to be approved by this court." The language of the statute is that an order may be made for the moneys necessary "to meet the expenses incurred or to be incurred" and that language would be broad enough to support the order appealed from.
(2) The next point is that the court was without jurisdiction to make the order appealed from on the petition of Rose Richman.
The statute provides "that if any such child be within the age of twenty-one years, then by the next friend of such child or children."
The petition, which was the basis of the order, is not in conformity with the statute in any respect, nor, as I view it, is the order in conformity with the statute. *Page 475 
The petition recites that it is "the petition of Rose Richman" and not of Rose Richman as next friend, nor in any other capacity excepting as an individual, and in the second paragraph it says the petitioner is the "guardian for Doris Adele Braunstein" who is the granddaughter of the decedent, but does not recite that the petition is filed in her behalf. In the third paragraph of the petition the recital is "your petitioner filed a caveat against the probate" of the will. The fourth paragraph recites that the caveat was filed "because of the belief of yourpetitioner" that the testator was without testamentary capacity. The fifth paragraph is "it is necessary and advisable that yourpetitioner have the assistance and aid of expert medical witnesses." The sixth paragraph is "your petitioner is without funds." The affidavit is signed by Rose G. Richman and recites "that she is the petitioner in the foregoing petition named."
(3) Nowhere in the petition does it appear that Rose Richman files the petition on behalf of anyone else other than herself and there is no averment that she is representing anyone else but herself in the filing of the petition, nor does she disclose any such relationship between herself and the decedent as would justify her in filing such a petition.
The order recites that a petition had been presented to the court by "Rose Richman, guardian for Doris Adele Braunstein" and the effective part of the order is "that the said petitioner, Rose Richman, be permitted to charge the estate of Samuel M. Braunstein."
The contention of the appellant that the court was without jurisdiction to grant the order appealed from is well taken and the order must be set aside.
It is argued by respondent that the order of the orphans court should not be reversed on the ground of the irregularity in the petition and order, and cites Davison v. Rake, 44 N.J. Eq. 506.
In that case the vice-ordinary held that the appellant should have been given notice of the proceedings in the court below, but refused to reverse the decree because, under the circumstances, the appellant "did not, in consequence, suffer any injustice or loss." *Page 476 
The question submitted to the orphans court was one of pure law, which, by previous adjudication of the superior courts of this state, was perfectly well settled. The situation with which the respondent is confronted in the case sub judice is entirely different from that with which the court dealt in the above cited case. The court below was not dealing with a mere question of law but it was dealing with proceedings under a statute which required, in order that the court have jurisdiction, that the petitioner be the widow of the deceased person or the child or children of the deceased person, or by any child or children of any deceased child or children of the deceased, and if any such child or children be within the age of twenty-one years, then by the next friend of such child or children. Without such petition, the court did not have jurisdiction and an appellate court must, therefore, reverse the order.
The remaining points made by the appellant, it seems to me, are without merit, but inasmuch as the matter will probably again come before the orphans court, it might be well to deal with the following points:
Appellant says that the statute is not available to Doris Adele Braunstein, whether she appears by her next friend or guardian, or not, for the reason as stated by the appellant, that "she is not the grandchild of the widow." The language of the statute itself does not support appellant's contention in this respect, and on a proper petition, the court would have jurisdiction to make an order in favor of Doris, who was the granddaughter of the deceased.
It is next insisted by appellant that the act does not permit that there may be a petition for maintenance and a separate petition for expenses. This, it seems to me, is not so. There may be, under the statute, a petition for support and maintenance and there may be a petition for an allowance to meet the expenses incurred or to be incurred in conducting a contest over the probate of a will.
An order in conformity herewith will be advised. *Page 477